■ BORIS TEPPER et al., Respondents, v CITY OF NEW ROCHELLE SCHOOL DISTRICT, Appellant. (And Third- and Fourth-Party Actions.)—In an action to recover damages for personal injuries, etc., the defendant City of New Rochelle School District appeals from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered March 19, 1987, as denied its motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff Jonathan Tepper (hereinafter the plaintiff), a junior at New Rochelle High School, joined the school lacrosse team in March 1985. The team was divided into three squads: varsity, junior varsity, and a small unit of players who were shuttled between varsity and junior varsity. Because of limited field space, the full team practiced on the same field. The junior varsity and varsity also sometimes practiced together. The junior varsity squad maintained a no-cut policy permitting virtually anyone between the grades of 7 and 11 to play on the team. Seniors could not play on the junior varsity.

The plaintiff had never before played organized lacrosse. He had only occasionally tossed a lacrosse ball with neighborhood friends. After a month on the lacrosse team, the plaintiff was injured when he took part in a one-on-one "ground ball" drill, in which members of the entire team would divide into two lines which would face each other. The coach would then throw a ball to a point approximately midway between the two lines, whereupon the persons at the head of each line would sprint full speed for the ball in an attempt to be the first to pick it up. Apparently, the plaintiff's opponent, a 260-pound senior with three years of experience, collided with the plaintiff as they each dashed for the ball, causing the two to fall. The plaintiff, who weighed a mere 130 pounds, broke his arm as a result.

Notably, the coach segregated varsity from junior varsity players because he believed the superior varsity skill level of play would be too advanced for inexperienced players. Further, as already noted, the coach did not permit seniors to play on the junior varsity team, although he would have

permitted anyone with sufficient skill and physical prowess to play on the varsity team. Moreover, the coach routinely warned the smaller players about going head-to-head with a larger player. Indeed, the record discloses that the 260-pound senior appeared to use an advanced "check[ing]" technique to subdue the plaintiff.

Based upon this unique factual scenario, we conclude that the plaintiff has raised an issue of fact as to whether the coach was negligent in permitting the plaintiff, a player of slight build and very limited experience, to go head-to-head with the 260-pound senior varsity team member, a player possessing substantially greater experience (see, e.g., Brooks v Board of Educ., 12 NY2d 971). Additionally, in light of this peculiar factual setting, it cannot be said as a matter of law that the plaintiff assumed the risk of injury. Although the plaintiff's parents signed a consent form to allow their son to participate on the lacrosse team, an issue of fact exists as to whether the plaintiff comprehended the true nature of the risk when he opted to join the team. Thus, dismissal of the complaint as a matter of law is not warranted.

We have considered the appellant's remaining contention and have found it to be without merit. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.