■ CEASAR DEGALA, an Infant, by His Father, CEASAR DEGALA, SR., Respondent, v XAVIER HIGH SCHOOL, Appellant. [610 NYS2d 270] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about September 21, 1993, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Questions of material fact remain as to whether the defendant school failed to protect plaintiff from "unassumed, concealed or unreasonably increased risks" regarding the wrestling practice drills *(Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658). Although plaintiff was an experienced wrestler, the record indicates that he was unfamiliar with a rule in the Athletic Association Wrestling Handbook that prohibited a student from wrestling within a weight classification more than 1 weight class above the student's; at the time of the injury the partner with whom plaintiff was practicing was 3 classifications heavier. It is not clear whether this prohibition was intended to prevent injuries from mismatched opponents during competitions with other schools or during practice sessions with teammates. If the rule applied to the latter, the team coach's failure to inform plaintiff of the rule or to prohibit such mismatched drilling would constitute negligence *(supra; Parisi v Harpursville Cent. School Dist.,* 160 AD2d 1079, 1080). Moreover, a question of "inherent compulsion" is raised in that plaintiff conceded that at times he felt that he had no choice but to wrestle with the heavier teammate since he was the co-captain of the team, even though plaintiff was afraid of sustaining at least minor injuries. Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Tom, JJ.