■ DIOGENES MERCADO, Appellant, v TPT BROOKLYN ASSOCIATES, LLC, et al., Respondents, et al., Defendant. [832 NYS2d 93]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 19, 2005, as granted that branch of the motion of the defendants TPT Brooklyn Associates, LLC, and Great American Construction Corp., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages, pursuant to Labor Law §§ 200, 240 (1), and § 241 (6), for injuries he allegedly sustained when a piece of ceiling collapsed and struck him while he was performing interior demolition work. The plaintiff subsequently withdrew his causes of action alleging a violation Labor Law § 240 (1). Thereafter, the owner of the property, the defendant TPT Brooklyn Associates, LLC, and the general contractor for the project, the defendant Great American Construction Corp. (hereinafter together the defendants), successfully moved for summary judgment dismissing the Labor Law §§ 200 and 241 (6) causes of action. We affirm.

The Supreme Court properly granted summary judgment dismissing the Labor Law § 200 cause of action because the plaintiff failed to offer any evidence to rebut the defendants' prima facie showing that they did not supervise or control the demolition work, or the safety measures employed during that work (*see Dennis v City of New York*, 304 AD2d 611, 612 [2003]).

The Supreme Court also properly granted summary judgment dismissing the cause of action based upon an alleged failure to comply with Labor Law § 241 (6). In order to establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]). However, insofar as this cause of action was predicated upon an alleged violation of 12 NYCRR 23-1.7 (a) (1), the defendants made a prima facie showing that this regulation was inapplicable because the area where the plaintiff was working was not one where workers were "normally exposed to falling objects" (*Portillo v Roby Anne Dev., LLC,* 32 AD3d 421, 422 [2006]; *see Perillo v Lehigh Constr. Group, Inc.*, 17 AD3d 1136, 1138 [2005]; *Amato v State of New York*, 241 AD2d 400, 402 [1997]), and the plaintiff failed to raise

a triable issue of fact in opposition. Additionally, the plaintiff's contention that the accident was proximately caused by the defendants' alleged violation of 12 NYCRR 23-3.3 (c), which requires that there be "[continuing inspections] during hand demolition operations," was based on mere speculation. Accordingly, the plaintiff failed to raise a triable issue of fact sufficient to defeat the defendants' prima facie establishment of their entitlement to summary judgment dismissing that cause of action (*see generally Schroeder v Kalenak Painting & Paperhanging, Inc.*, 27 AD3d 1097 [2006]). Rivera, J.P., Santucci, Angiolillo and Dickerson, JJ., concur.