■ MARCELINO MARIN, Appellant, v AP-AMSTERDAM 1661 PARK LLC et al., Respondents. [875 NYS2d 242]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered March 28, 2008, as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) and denied his cross motion for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241 (6) as is predicated on a violation of 12 NYCRR 23-1.8 (c) (1) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured while installing a vertical line of drainpipe on the exterior of a six-story apartment building. The plaintiff was working approximately eight feet above ground level, using metal brackets to affix the pipe to the building's brick exterior, when one such bracket, which had been attached near the top of the building, became dislodged and fell, striking the plaintiff's head. There was no overhead protection, and the plaintiff had not been provided, and was not wearing, a safety hat. Prior to the accident, the plaintiff had informed his supervisor that the brackets were the wrong size, and earlier that day, two other brackets had fallen from the building.

The plaintiff commenced this action against the owners and manager of the building, alleging, inter alia, violations of Labor Law § 240 (1) and § 241 (6). After discovery, the defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240 (1) cause of action. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and properly denied the plaintiff's cross motion for summary judgment on the issue of liability under that statute. Section 240 (1) requires property owners to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers (Labor Law § 240 [1]). To establish liability under section 240 (1) based on a falling object, a plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001]), or "required securing for the purposes of the undertaking" (*Outar v City of New York,* 5 NY3d 731, 732 [2005]). The statute generally does not apply to objects that are part of a building's permanent structure (*see Narducci v Manhasset Bay Assoc.,* 96 NY2d at 268; *Buckley v Columbia Grammar & Preparatory,* 44 AD3d 263, 270 [2007]; *Xidias v Morris Park Contr. Corp.,* 35 AD3d 850 [2006]). Moreover, the plaintiff must show that the object fell *"because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d at 268).

In this case, the metal bracket that struck the plaintiff had been installed prior to the plaintiff's accident (albeit as part of

the work the plaintiff was performing), and thus became part of the building's permanent structure. Furthermore, the accident did not occur under circumstances in which "a hoisting or securing device of the kind enumerated in the statute would have been necessary or even expected" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d at 268). Accordingly, the defendants made a prima facie showing that Labor Law § 240 (1) was not applicable under the circumstances of this case, and, in opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of section 23-1.7 (a) (1) of the Industrial Code, which requires suitable overhead protection in places that are "normally exposed to falling material or objects" (12 NYCRR 23-1.7 [a] [1]). The fact that two brackets had fallen from the building prior to the plaintiff's accident was not a sufficient basis for a finding that the plaintiff's work site was "normally exposed" to falling brackets. Thus, the defendants demonstrated their prima facie entitlement to judgment as a matter of law with respect to section 23-1.7 (a) (1), and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Mercado v TPT Brooklyn Assoc., LLC,* 38 AD3d 732 [2007]; *Portillo v Roby Anne Dev., LLC,* 32 AD3d 421 [2006]).

The Supreme Court, however, should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated on a violation of section 23-1.8 (c) (1) of the Industrial Code. That provision, unlike section 23-1.7 (a) (1), does not require that the site of the accident be "normally exposed" to falling material, but instead provides that "[e]very person required to work or pass within any area where *there is a danger* of being struck by falling objects or materials . . . shall be provided with and shall be required to wear an approved safety hat" (12 NYCRR 23-1.8 [c] [1] [emphasis added]). By presenting evidence that two brackets similar to the one that struck him had already fallen from the building on the day of the accident, the plaintiff raised a triable issue of fact as to whether there was a "danger" that he would be struck by a falling bracket, which would trigger the protection of section 23-1.8 (c) (1) of the Industrial Code (*see Prince v Merit Oil of N.Y.,* 238 AD2d 561 [1997]). Prudenti, P.J., Ritter, Santucci and Chambers, JJ., concur.