TAMMY J. TIFFT, Appellant, v BIGELOW'S OIL SERVICE, INC., et al., Respondents. [894 NYS2d 594]—

Stein, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered August 3, 2009 in Washington County, which, among other things, denied plaintiff's motion for summary judgment adjudging defendants strictly liable under Navigation Law § 181.

Plaintiff made arrangements with defendant Bigelow's Oil Service, Inc. to install a new fuel oil storage tank at her home. In turn, Bigelow's contracted with defendant Mark Radloff to perform the installation. Plaintiff's sons—Daniel and Devin, 15 and 17 years of age, respectively—helped Radloff move the old tank away from the railroad ties upon which it had rested. They also helped Radloff move the new tank into the same general area where Radloff, with Devin's aid, stood the tank up. According to Radloff, the tank was then standing on the railroad ties. Devin alleged, however, that the tank was then standing directly on the ground. In either event, Radloff concedes that he did not level the new tank. As the new tank had been left outside for a period of time prior to its installation, ice had built up inside it. When Radloff discovered this condition, he informed plaintiff's sons that the installation could not be completed until the ice was removed.

Rather than taking the tank back to his shop to thaw out—which would have added significant time and labor to the process—Radloff agreed to plaintiff's insistence that her sons thaw out the tank in its present location and he instructed plaintiff to call Bigelow's when the tank was emptied of ice and water, as he was going to another job in the meantime. Radloff informed the owner of Bigelow's that plaintiff's sons would take care of the ice and that a driver should then be sent to deliver a "splash" (approximately 50 gallons) of fuel oil. Plaintiff's sons testified that they thawed the tank and that, in doing so, they did not move it from the position in which Radloff left it. When

Radloff returned, he discovered that Bigelow's had filled the tank with hundreds of gallons of fuel oil, making any movement or adjustment of the tank impossible. Nevertheless, Radloff testified that the tank appeared to be in the same position in which he had left it, and he proceeded to hook up the tank so that plaintiff's home would have heat. Later that night, plaintiff discovered that the tank had fallen over and was leaking fuel oil. Plaintiff subsequently commenced this action alleging a claim of nuisance and a claim under Navigation Law § 181, and later moved for summary judgment on liability only. Supreme Court denied the motion with respect to the Navigation Law cause of action and withheld decision, for reconsideration at trial, on the viability of the nuisance claim. Plaintiff now appeals, arguing only that defendants are strictly liable pursuant to Navigation Law § 181.

Navigation Law § 181 (5) authorizes a private cause of action in strict liability against a petroleum discharger (*see Wheeler v National School Bus Serv.*, 193 AD2d 998, 999 [1993]), so long as the plaintiff has "not caused or contributed to (and thus are not 'responsible for') the discharge" (*White v Long*, 85 NY2d 564, 569 [1995], quoting Navigation Law § 172 [3]; *see Carter v Suburban Heating Oil Partners, L.P.*, 44 AD3d 1221, 1222 [2007]). Here, it is undisputed that plaintiff demonstrated her prima facie entitlement to relief under Navigation Law § 181 by submitting evidence that defendants were petroleum dischargers (*see* Navigation Law § 181 [1], [5]; *State of New York v Green*, 96 NY2d 403, 408 [2001]; *White v Long*, 85 NY2d at 569). Thus, the burden shifted to defendants to raise a triable issue of fact as to whether plaintiff was "responsible for" the discharge and, therefore, precluded from obtaining relief under Navigation Law § 181 (5) (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Carter v Suburban Heating Oil Partners, L.P.*, 44 AD3d at 1222; *State of New York v Passalacqua*, 19 AD3d 786, 790 [2005]).

Defendants assert that plaintiff caused or contributed to the oil discharge by, among other things, her sons' failure to appropriately remove the ice and water from the tank, their alleged actions in moving the tank during the thawing process and/or her own inadequate communication with defendants. Even assuming their factual allegations to be true, defendants have submitted no evidence to demonstrate how plaintiff's actions or inactions actually caused or contributed to the oil discharge, and their assertions to that effect are based on pure speculation. Thus, defendants have failed to raise a triable issue of fact sufficient to preclude summary judgment in plaintiff's

favor adjudging defendants strictly liable under Navigation Law § 181 (*see Zuckerman v City of New York*, 49 NY2d at 562; *Nudi v Schmidt*, 63 AD3d 1474, 1477 [2009]; *Patel v Exxon Corp.*, 43 AD3d 1323, 1324 [2007]; *State v Passalacqua*, 19 AD3d at 789).

Defendants' remaining contentions have been examined and are either academic or unavailing.

Mercure, J.P., Spain, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment adjudging defendants strictly liable under Navigation Law § 181; motion granted to that extent; and, as so modified, affirmed.