■ NYOKA YOUNG, Respondent, v ABBOTT & MILLS, INC., et al., Appellants. [919 NYS2d 395]—

On July 2, 2007, the defendant Abbott & Mills, Inc., mistakenly delivered 400 gallons of fuel oil to the plaintiff's residence. Although the oil tank had been removed from the residence when the plaintiff purchased the home, an oil fill pipe had not been removed, and oil was pumped through that pipe into the garage.

Contrary to the defendants' contentions, the plaintiff demonstrated her prima facie entitlement to judgment as a matter of law on her first two causes of action pursuant to Navigation Law §§ 181 and 190 to recover for property damage and litigation costs resulting from the erroneous delivery of oil (*see gener-*

*ally State of New York v Green*, 96 NY2d 403 [2001]; *Tifft v Bigelow's Oil Serv., Inc.*, 70 AD3d 1248 [2010]). In opposition, the defendants failed to raise a triable issue of fact (*see Tifft v Bigelow's Oil Serv., Inc.*, 70 AD3d 1248 [2010]). Accordingly, the Supreme Court correctly granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first and second causes of action, and denied those branches of the defendants' respective motions which were, in effect, for summary judgment dismissing those causes of action insofar as asserted against each of them.

The defendants' remaining contentions are without merit.

The plaintiff's contention that her fifth cause of action should not have been dismissed is not properly before this Court, since the plaintiff failed to appeal from the order (*see Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]). Mastro, J.P., Dillon, Balkin and Miller, JJ., concur.