■ GARY FAMA et al., Respondents, v CITYSPIRE, INC., et al., Appellants, et al., Defendants. CITYSPIRE, INC., et al., Third-Party Plaintiffs-Appellants, v GLOBEOP FINANCIAL SERVICES LLC, Third-Party Defendant-Respondent. [928 NYS2d 277]—

Plaintiff Gary Fama slipped and fell on wet paper towels in the men's bathroom of premises leased by his employer, third-party defendant GlobeOp, owned by defendant Cityspire and managed by defendant Tishman. Defendant Cityspire had retained OneSource to provide cleaning services. Dismissal of the complaint on the basis that defendants Cityspire and Tishman were out of possession landlords or lacked either actual or constructive notice of the hazardous condition was properly denied (see Corrales v Reckson Assoc. Realty Corp., 55 AD3d 469 [2008]). Triable issues of fact regarding notice were raised by the deposition testimony of plaintiff, who stated that he had complained about the condition of the bathroom multiple times, of GlobeOp's witness, who stated that she had passed on complaints about the bathroom to Tishman and of Tishman's witness, who stated that she had received the complaints and passed them on to OneSource (see David v New York City Hous. Auth., 284 AD2d 169, 171 [2001]; see also Lehr v Mothers Work, Inc., 73 AD3d 564 [2010]). Plaintiffs' action against OneSource has been settled pursuant to a stipulation dated June 13, 2011.

Finally, Cityspire and Tishman failed to meet their prima facie burden of establishing entitlement to summary judgment on the issues of contractual and conditional indemnification. Neither defendant was a party to the sublease agreement upon which they rely to establish indemnity. Further, although Cityspire was a party to the Consent to Sublease, that agreement premises indemnification on the terms of a Master Lease which was not made a part of the record. By failing to submit the Master Lease, Cityspire and Tishman failed to meet their prima facie burden, and questions of fact exist regarding the extent of GlobeOp's obligation, if any, to indemnify Cityspire. Concur—Tom, J.P., Sweeny, Renwick, Freedman and Manzanet-

Daniels, JJ. [**Prior Case History: 2010 NY Slip Op 30890(U).**]

Motion to dismiss portions of appeal denied as moot.