# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

288
CA 11-01354
PRESENT: CENTRA, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

DANIEL J. SMITH, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

THOMAS CASSIDY AND MICHAEL UNDERWOOD, DOING
BUSINESS AS CASSIDY & UNDERWOOD CONSTRUCTION,
DEFENDANTS-APPELLANTS.
-------------------------------------------
ALLSTATE INSURANCE CO., AS SUBROGEE OF DANIEL
SMITH, PLAINTIFF-RESPONDENT,

V

THOMAS CASSIDY AND MICHAEL UNDERWOOD, DOING
BUSINESS AS CASSIDY & UNDERWOOD CONSTRUCTION,
DEFENDANTS-APPELLANTS.

HISCOCK & BARCLAY, LLP, ROCHESTER (MARK T. WHITFORD, JR., OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

SCOTT AND GILBERT, LLP, CANANDAIGUA (JOHN J. GILBERT OF COUNSEL), FOR
PLAINTIFF-RESPONDENT ALLSTATE INSURANCE CO., AS SUBROGEE OF DANIEL
SMITH.

PHILLIPS LYTLE LLP, ROCHESTER (RICHARD T. TUCKER OF COUNSEL), FOR
PLAINTIFF-RESPONDENT DANIEL J. SMITH.

Appeal from an order of the Supreme Court, Livingston County
(Dennis S. Cohen, A.J.), entered March 29, 2011.  The order, inter
alia, granted the motions of plaintiffs for leave to renew and
reargue, and upon renewal and reargument, granted the prior cross
motions of plaintiffs for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff Daniel J. Smith commenced an action
seeking damages resulting from the petroleum spill that occurred when
defendants punctured the oil line on his property while installing
vinyl skirting around the perimeter of his residence.  Plaintiff
Allstate Insurance Co. (Allstate), as subrogee of Smith, commenced a
subsequent action seeking damages arising out of the petroleum spill,
and the actions were consolidated.  Supreme Court granted Smith's
motion seeking, inter alia, leave to renew and reargue his prior cross

motion for summary judgment on liability and his opposition to defendants' amended motion seeking sanctions for spoliation of evidence, and the court also granted Allstate's motion seeking leave to renew and reargue its prior cross motion for summary judgment on its complaint and its opposition to defendants' amended spoliation motion. Upon renewal and reargument, the court granted plaintiffs' prior cross motions.

Contrary to defendants' contention, we conclude that the court did not abuse its discretion in granting plaintiffs' respective motions for leave to renew and reargue (*see generally Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376-377; *Dixon v New York Cent. Mut. Fire Ins. Co.*, 265 AD2d 914, 914). With respect to renewal, the court properly exercised its discretion in determining that plaintiffs were justified in not offering the newly discovered evidence in support of the prior cross motions (*see* CPLR 2221 [e] [3]). Such evidence was discovered as a result of Smith's investigation conducted subsequent to the prior cross motions and included the fuel tank removed from Smith's property following the petroleum spill, as well as the missing sections of oil line that were discovered in the crawl space under his home. With respect to reargument, the court recognized that it had "misapprehended [certain facts] in determining the prior [cross] motion[s]" (CPLR 2221 [d] [2]), which had led the court to conclude that there was an issue of fact regarding whether Smith may have contributed to the petroleum discharge.

We reject defendants' further contention that the court, upon renewal and reargument, erred in granting plaintiffs' respective cross motions for summary judgment. Plaintiffs met their initial burdens with respect to their Navigation Law § 181 (5) causes of action by establishing that defendants discharged petroleum when they punctured the oil line while installing the vinyl skirting around Smith's home (*see Tifft v Bigelow's Oil Serv., Inc.*, 70 AD3d 1248, 1249; *see also State of New York v Green*, 96 NY2d 403, 408). In opposition, defendants failed to raise a triable issue of fact with respect to either their role in discharging the petroleum or whether Smith caused or contributed to the petroleum spill (*see Tifft*, 70 AD3d at 1249; *see also White v Long*, 85 NY2d 564, 569).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court