■ GEORGIOS FLOSSOS, Respondent, v WATERSIDE REDEVELOPMENT COMPANY, L.P., Defendants and Third-Party Plaintiffs-Appellants-Respondents. PELAR PAINTING Co., Third-Party Defendant-Respondent-Appellant. [970 NYS2d 51]—

In an action to recover damages for personal injuries, etc., the defendants and third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated September 4, 2012, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging negligence and a violation of Labor Law § 240 (1) and on their third-party causes of action for common-law and contractual indemnification, and the third-party defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of the motion of the defendants and third-party plaintiffs, joined in by the third-party defendant, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) and denied those branches of the third-party defendant's cross motion which were for summary judgment dismissing the third-party causes of action for common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants and third-party plaintiffs, joined in by the third-party defendant, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants and third-party plaintiffs (hereinafter the Waterside defendants) are the owners and managers of an apartment building at 30 Waterside Plaza in Manhattan. After the tenant in apartment 8B vacated the premises, and the Waterside defendants hired the third-party defendant, Pelar Painting Company (hereinafter Pelar), to paint that apartment. On January 30, 2006, the plaintiff, an employee of Pelar, leaned a closed 4-foot A-frame ladder against a closet door and climbed up the ladder to paint the closet's ceiling. The plaintiff did not lock the horizontal bars of the ladder. A piece of ceiling fell down on the plaintiff, propelling him and the ladder to the floor.

The plaintiff commenced an action against the Waterside defendants, alleging negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). The Waterside defendants commenced a third-party action against Pelar seeking common-law and contractual indemnification.

The Waterside defendants moved for summary judgment dismissing the complaint and on their third-party complaint on the issue of liability, and Pelar cross-moved, inter alia, for sum-

mary judgment dismissing the causes of action in the third-party complaint seeking common-law and contractual indemnification. The Supreme Court denied those branches of the motion which were for summary judgment dismissing the negligence and the Labor Law § 240 (1) causes of action, and on the third-party complaint on the issue of liability on the causes of action seeking common-law and contractual indemnity. The court further denied those branches of Pelar's cross motion which were for summary judgment dismissing the common-law and contractual indemnification causes of action.

The Supreme Court improperly denied that branch of the Waterside defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). Labor Law § 240 (1) requires property owners and contractors to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers. The purpose of the statute is to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 7 [2011]; *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490 [1995]). "With respect to falling objects, Labor Law § 240 (1) applies where the falling of an object is related to 'a significant risk inherent in . . . the relative elevation . . . at which materials or loads must be positioned or secured' " (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001], quoting *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Thus, to recover damages for violation of the statute, a "plaintiff must show more than simply that an object fell causing injury to a worker" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). The plaintiff must show that, at the time the object fell, it was "being hoisted or secured" (*id*. at 268) or "required securing for the purposes of the undertaking" (*Outar v City of New York*, 5 NY3d 731, 732 [2005]; *see Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758 [2008]). The plaintiff also must show that the object fell "*because of* the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268 [emphasis in original]).

The Waterside defendants met their prima facie burden of establishing the absence of a statutory breach, since the plaintiff did not fall as a result of inadequate protection and the object

did not fall on the plaintiff due to "the absence or inadequacy of a safety device of the kind enumerated in the statute" (*id.*). The deposition testimony established that, while the plaintiff was standing on a 4-foot A-frame ladder painting a ceiling, a large section of that ceiling gave way and fell on him, propelling him and the ladder to the ground. Insofar as the ceiling was a part of the permanent structure of the building, it was not a falling object that was "being hoisted or secured" (*id.*; *see Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677 [2012]; *Novak v Del Savio*, 64 AD3d 636 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the ceiling fell "because of the absence or inadequacy of a safety deice of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268) or as to the adequacy of the ladder, as the plaintiff admitted at his deposition that the ladder was appropriate for the job, that he inspected it, and that it was in good working order.

Contrary to the Waterside defendants' contention, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the cause of action alleging common-law negligence. The Waterside defendants failed to meet their prima facie burden of establishing that the doctrine of res ipsa loquitur does not apply (*see Dittiger v Isal Realty Corp.*, 290 NY 492 [1943]; *see also Jappa v Starrett City, Inc.*, 67 AD3d 968 [2009]; *Mejia v New York City Tr. Auth.*, 291 AD2d 225, 226-227 [2002]; *Kaplan v New Floridian Diner*, 245 AD2d 548 [1997]).

The Supreme Court properly denied those branches of the Waterside defendants' motion which were for summary judgment on the third-party causes of action for common-law and contractual indemnification, because they failed to satisfy their prima facie burden of establishing that they were not negligent (*see Robles v Bruhns*, 99 AD3d 980 [2012]; *Fritz v Sports Auth.*, 91 AD3d 712 [2012]; *George v Marshalls of MA, Inc.*, 61 AD3d 925 [2009]).

Finally, contrary to Pelar's contention, the Supreme Court properly denied those branches of its cross motion which were for summary judgment dismissing the causes of action in the third-party complaint for common-law and contractual indemnification, because Pelar failed to meet its prima facie burden of establishing that it was not at fault in the happening of the accident (*see Perri v Gilbert Johnson Enters., Ltd.*, 14 AD3d 681, 685 [2005]; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]).

The plaintiff's contention that the Supreme Court should not have granted that branch of the Waterside defendants' motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 200 is not properly before this Court, since the plaintiff failed to take an appeal (*see Young v Abbott & Mills, Inc.*, 82 AD3d 1218, 1219 [2011]).

The plaintiff's remaining contention has been rendered academic in light of our determination. Balkin, J.P., Leventhal, Roman and Miller, JJ., concur.