SECOND DEPARTMENT, FEBRUARY, 2014

(February 5, 2014)

■ AARON AGOSTO et al., Respondents, v CITY OF NEW ROCHELLE et al., Appellants. [979 NYS2d 689]—

In an action to recover damages for personal injuries, etc., the defendant City of New Rochelle appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered March 9, 2012, as denied that branch of its cross motion which was for summary judgment dismissing the first through fourth causes of action insofar as asserted against it, and the defendant City School District of New Rochelle separately appeals, as limited by its brief, from so much of the same order as denied that branch of its separate cross motion which was for summary judgment dismissing the first through fourth causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiffs.

The Supreme Court properly denied the cross motion of the defendant City of New Rochelle for summary judgment dismissing the first through fourth causes of action insofar as asserted against it. Contrary to the City's contention, it failed to submit evidence sufficient to establish, prima facie, its entitlement to judgment as a matter of law on the issue of whether the infant plaintiff assumed the risk inherent in playing touch football during camp. Under the circumstances of this case, the City failed to eliminate triable issues of fact as to whether the infant plaintiff voluntarily participated in the game of touch football

and whether the risk of injury inherent in the game of touch football was unreasonably increased by the active participation of the adult counselors, particularly where the game was being played on an asphalt surface where there was also sand present (*see Karr v Brant Lake Camp*, 261 AD2d 342 [1999]; *Mauner v Feinstein*, 213 AD2d 383 [1995]; *DeGala v Xavier High School*, 203 AD2d 187 [1994]; *Tepper v City of New Rochelle School Dist.*, 143 AD2d 133 [1988]). Since the City failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court also properly denied the separate cross motion of the defendant City School District of New Rochelle (hereinafter the school district) for summary judgment dismissing the first four causes of action insofar as asserted against it since it failed to submit evidence sufficient to establish, prima facie, its entitlement to judgment as a matter of law with respect to whether it failed to properly maintain the asphalt parking lot on which the infant plaintiff was injured during the touch football game. A landowner has a general duty to maintain its property in a " 'reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (*Basso v Miller*, 40 NY2d 233, 241 [1976], quoting *Smith v Arbaugh's Rest., Inc.*, 469 F2d 97, 100 [DC Cir 1972], *cert denied* 412 US 939 [1973]; *see Preston v State of New York*, 59 NY2d 997, 998 [1983]). Contrary to the school district's contention, the transcript of the deposition testimony submitted by the school district established that the school district knew that the City employed the asphalt parking lot for the camp operated by the City, that the school district knew of the sand condition present on its parking lot, and that, in fact, the school district undertook efforts to remedy the sand condition since it understood that the sand condition could present a safety issue for the children. Where a landowner has actual knowledge of a recurrent dangerous condition in a specific area, it may be charged with constructive notice of each specific recurrence of it (*see Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *Erikson v J.I.B. Realty Corp.*, 12 AD3d 344 [2004]; *Chin v Harp Mktg.*, 232 AD2d 601 [1996]; *see generally McLaughlan v Waldbaums, Inc.*, 237 AD2d 335 [1997]). Since the school district failed to meet its initial burden as the movant, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The plaintiffs' contention that the Supreme Court improperly

denied their motion to strike the affirmative defense of assumption of risk from the defendants' respective answers is not properly before this Court since the plaintiffs failed to appeal or cross appeal from the order (*see Servais v Silk Nail Corp.*, 96 AD3d 546 [2012]; *Young v Abbott & Mills, Inc.*, 82 AD3d 1218, 1219 [2011]; *Matter of Coscette v Town of Wallkill*, 18 AD3d 657 [2005]). Skelos, J.P., Dickerson, Chambers and Miller, JJ., concur.