HARIEL RODRIGUEZ, Respondent, v SOL GOLDMAN INVESTMENTS, LLC, et al., Respondents-Appellants, NEW WORLD MALL, LLC, Respondent, and CORE CONTINENTAL CONSTRUCTION 3, LLC, Appellant, et al., Defendants. [981 NYS2d 761]—

In an action to recover damages for personal injuries, the defendant Core Continental Construction 3, LLC, appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Markey, J.), dated June 11, 2012, as denied those branches of its motion which were to vacate the note of issue and certificate of readiness and extend its time to move for summary judgment, and (2) so much of an order of the same court dated October 10, 2012, as denied its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendants Sol Goldman Investments, LLC, Alexander's of Flushing, Inc., Alexander's, Inc., and Vornado Realty LP cross-appeal, as limited by their brief, from so much of the order dated October 10, 2012, as denied their motion for summary judgment on their cross claim for contractual indemnification against the defendant New World Mall, LLC.

Ordered that the orders are affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by the defendant Core Continental Construction 3, LLC, and one bill of costs payable to the defendant New World Mall, LLC, by the defendants Sol Goldman Investments, LLC, Alexander's of Flushing, Inc., Alexander's, Inc., and Vornado Realty LP.

Although we agree that the Supreme Court properly denied the motion of the defendant Core Continental Construction 3, LLC (hereinafter Core 3), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, we base our conclusion on a ground different from that relied on by the Supreme Court. The motion was untimely and Core 3 failed to demonstrate good cause for the delay (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648 [2004]). Moreover, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying those branches of Core 3's separate motion which were to vacate the note of issue and certificate of readiness and extend its time to move for

summary judgment (*see Avezbakiyev v City of New York*, 104 AD3d 888, 888-889 [2013]; *Encarnacion v Monier*, 81 AD3d 875, 876 [2011]; *cf. Jones v Grand Opal Constr. Corp.*, 64 AD3d 543, 544 [2009]).

The Supreme Court also properly denied the motion of the defendants Sol Goldman Investments, LLC, Alexander's of Flushing, Inc., Alexander's, Inc., and Vornado Realty LP (hereinafter collectively the Alexander defendants) for summary judgment on their cross claim for contractual indemnification against the defendant New World Mall, LLC, as the Alexander defendants failed to attach a complete copy of the subject master lease to their moving papers (*see Fama v Cityspire, Inc.*, 87 AD3d 416, 417 [2011]) and failed to otherwise establish, prima facie, each of their separate and respective entitlements to indemnity (*see Flossos v Waterside Redevelopment Co., L.P.*, 108 AD3d 647, 650 [2013]; *cf. Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 661-662 [2009]).

Although the Alexander defendants did not move in the Supreme Court for summary judgment dismissing the complaint insofar as asserted against them, they request, on appeal, that this Court search the record and grant them such relief on the ground that they were out-of-possession landlords not subject to liability under the circumstances. While this Court has the authority to search the record and award summary judgment to a nonmoving party with respect to an issue or cause of action that was the subject of a motion before the Supreme Court, since the issue of whether the Alexander defendants were out-of-possession landlords was not before the Supreme Court, we do not address it here (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Van Orden v McKasty*, 55 AD3d 725 [2008]). Rivera, J.P., Lott, Roman and Hinds-Radix, JJ., concur.