■ JORGE ZAMORA, Respondent-Appellant, v 42 CARMINE ST. ASSOCIATES, LLC, Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [14 NYS3d 695]—

In an action to recover damages for personal injuries, the defendant 42 Carmine St. Associates, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered February 27, 2014, as denied that branch of its cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant 42 Carmine St. Associates, LLC.

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendant 42 Carmine St. Associates, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant 42 Carmine St. Associates, LLC.

The plaintiff allegedly was injured when he and a coworker were installing a plate glass windowpane in the front window of a ground-level storefront. According to the plaintiff and a witness, the plaintiff and the coworker, both standing on the ground, had carried the windowpane with suction cups to the frame and seated it in the bottom of the frame with no difficulties. As they were attempting to fit the top of the glass pane

flush within the frame, however, the pane cracked down the middle. The plaintiff told his coworker to hold up the broken piece on his side while the plaintiff removed the broken piece on his own side. According to the plaintiff, before he could take any action, the coworker's piece fell on the plaintiff, causing injuries. According to the witness, the coworker's piece fell onto the ground and then the plaintiff's piece broke and fell on him, causing injuries. The plaintiff subsequently commenced this action alleging, inter alia, a violation of Labor Law § 240 (1).

The Supreme Court should have granted that branch of the cross motion of the defendant 42 Carmine St. Associates, LLC (hereinafter 42 Carmine St.), the building owner, which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it. 42 Carmine St. demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence which established the absence of a causal nexus between the plaintiff's injury and a lack or failure of a device prescribed by section 240 (1) (*see Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 99-100 [2015]; *Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 663 [2014]; *Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268-269 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Carrasco v Weissman*, 120 AD3d 531, 533 [2014]; *Maldonado v AMMM Props. Co.*, 107 AD3d 954, 955 [2013]; *Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 679 [2012]). For the same reasons, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against 42 Carmine St.

42 Carmine St.'s remaining contention need not be reached in light of our determination. Dillon, J.P., Leventhal, Cohen and Maltese, JJ., concur.