■ Branko Vatavuk, Appellant, v Genting New York, LLC, et al., Respondents, et al., Defendant. [37 NYS3d 445]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 16, 2014, as granted those branches of the motion of the defendants Genting New York, LLC, and Tutor Perini Corporation which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that he was injured when the top of a 10-foot-high piece of cold board that he was fitting into a wall frame of a building under construction broke, snapped forward, and fell on the brim of his hard hat. Thereafter, the plaintiff commenced this action against the defendant Genting New York, LLC, the lessee of the premises, and the defendant Tutor Perini Corporation, the construction manager for the project (hereinafter together the defendants), alleging, inter alia, violations of Labor Law §§ 240 (1) and 241 (6).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing

the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against them. The defendants established their prima facie entitlement to judgment as a matter of law with evidence that the piece of cold board which struck the plaintiff was not in the process of being hoisted or secured and did not require securing for the purpose of being installed, and that the object did not fall on the plaintiff due to the lack or failure of a device prescribed by Labor Law § 240 (1) (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662-663 [2014]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]; *Zamora v 42 Carmine St. Assoc., LLC*, 131 AD3d 531, 532 [2015]; *Mendez v Jackson Dev. Group, Ltd.*, 99 AD3d 677, 678 [2012]; *Novak v Del Savio*, 64 AD3d 636 [2009]; *Marin v AP-Amsterdam 1661 Park LLC*, 60 AD3d 824 [2009]). The plaintiff's conclusory assertions in opposition were insufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action predicated on violations of 12 NYCRR 23-1.7 (a) (1) and (2) insofar as asserted against them. "In order to establish liability under Labor Law § 241 (6), a plaintiff must demonstrate that the defendant's violation of a specific rule or regulation was a proximate cause of the accident" (*Mercado v TPT Brooklyn Assoc., LLC*, 38 AD3d 732, 733 [2007]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993]; *Perez v 286 Scholes St. Corp.*, 134 AD3d 1085, 1086 [2015]). The defendants made a prima facie showing that 12 NYCRR 23-1.7 (a) (1) and (2) were inapplicable with evidence that the area in which the plaintiff was working was not one where workers were "normally exposed to falling . . . objects" (12 NYCRR 23-1.7 [a] [1], [2]; *see Allan v DHL Express [USA], Inc.*, 99 AD3d 828, 832 [2012]; *Mercado v TPT Brooklyn Assoc., LLC*, 38 AD3d at 733; cf. *Gonzalez v TJM Constr. Corp.*, 87 AD3d 610 [2011]; *Amerson v Melito Constr. Corp.*, 45 AD3d 708 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.