Scott v Triborough Energy Corp. (2021 NY Slip Op 03126)





Scott v Triborough Energy Corp.


2021 NY Slip Op 03126


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kennedy, Shulman, JJ. 


Index No. 28743/17E Appeal No. 13828 Case No. 2020-3831 

[*1]John A. Scott et al., Plaintiffs-Appellants,
v
Triborough Energy Corp., Defendant-Respondent.


Sunshine, Isaacson & Hecht, LLP, Jericho (Jeffrey A. Sunshine of counsel), for appellants.
Donohue Law Firm, P.C., New York (Adam S. Picinich and Robert D. Donohue of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered August 18, 2020, which denied plaintiffs' motion for summary judgment on liability under Navigation Law § 181, unanimously affirmed, without costs.
Plaintiffs, residential homeowners, commenced this action against defendant, their heating oil delivery company, alleging that it caused an oil spill while making a delivery to their home. Navigation Law § 181(5) authorizes a private cause of action in strict liability against a petroleum discharger (see Wheeler v National School Bus Serv., 193 AD2d 998, 999 [3d Dept 1993]), so long as the plaintiffs have "not caused or contributed to (and thus are not 'responsible for') the discharge" (White v Long, 85 NY2d 564, 569 [1995], quoting Navigation Law § 172[3]; see also Nappi v Holub, 79 AD3d 1110 [2d Dept 2010]; Tifft v Bigelow's Oil Serv., Inc., 70 AD3d 1248, 1249 [3d Dept 2010]).
Although defendant offers only speculation that the spill could have resulted from a defect with the tank or its installation, plaintiffs nevertheless failed to prima facie establish that the spill resulted from the method of delivery and therefore are not entitled to summary judgment regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiffs' reliance on a statement in an introductory paragraph of a report from their environmental consultant stating that the consultant had completed a subsurface soil and indoor air investigation which "was requested after a 275-gallon aboveground storage tank (AST) was improperly filled, spilling oil onto the basement floor" is misplaced. The report makes no findings as to how the spill occurred, and the basis for the statement is unknown, rendering it conclusory. Furthermore, any inferences regarding how the spill occurred that are to be drawn from the report's findings regarding the presence of oil are for the trier of fact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021