Stewart v Wollman Rink Operations LLC (2021 NY Slip Op 06661)





Stewart v Wollman Rink Operations LLC


2021 NY Slip Op 06661


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 150255/17 Appeal No. 14711 Case No. 2021-00716 

[*1]Roderick Stewart, Plaintiff-Appellant,
v
Wollman Rink Operations LLC et al., Defendants-Respondents.


Rosenbaum & Rosenbaum, P.C., New York (Mark W. Walsh of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 8, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff, an experienced skater, sued defendants to recover damages for personal injuries sustained when he fell at approximately 4:30 p.m. on December 15, 2015, while coaching ice hockey to Birch Wathen Lenox Middle School (Birch Wathen) students at Lasker Rink (West) in Central Park. Plaintiff claims that he fell when his skate hit a rut.
Even assuming defendants made a prima facie showing that they lacked notice of the rut, plaintiff raised an issue of fact as to notice. Plaintiff testified at his deposition that he complained about the "rough" condition of the ice at 3:45 p.m., more than half-an-hour before his fall, and that the condition of the ice remained poor at 4:15 p.m., when the hockey practice began.
Plaintiff does not dispute that defendants made a prima facie showing that his claims were barred by assumption of the risk (see generally Morgan v State , 90 NY2d 471 [1997]). However, plaintiff raised an issue of fact as to inherent compulsion. Plaintiff testified that he understood that his supervisors were Wollman employees. He further testified that when he informed one of these supervisors of his concerns about the rough ice the supervisor dismissed his concerns and directed him to proceed with the practice. Plaintiff believed that he lacked authority to cancel or reschedule practice on his own initiative (e.g. DeGala v Xavier High Sch. , 203 AD2d 187 [1st Dept 1994]; see generally Benitez v New York City Bd. of Educ. , 73 NY2d 650, 658-659 [1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021