Cruz v 451 Lexington Realty, LLC (2023 NY Slip Op 03905)

Cruz v 451 Lexington Realty, LLC

2023 NY Slip Op 03905

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-00765
 (Index No. 502710/13)

[*1]Johnny Cruz, appellant, 
v
451 Lexington Realty, LLC, et al., defendants third-party plaintiffs-respondents; City Limits Group, Inc., third-party defendant/second third-party plaintiff-respondent, Flintlock Construction Services, LLC, second third-party defendant-respondent, et al., second third-party defendant.

Rimland & Associates, New York, NY (Edward Rimland and Julie T. Mark of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (David P. Feehan of counsel), for defendants third-party plaintiffs-respondents and second third-party defendant-respondent.
Litchfield Cavo, LLP, New York, NY (Louis F. Eckert and Rachel S. Trauner of counsel), for third-party defendant/second third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 16, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), granted that branch of the cross-motion of the defendants third-party plaintiffs and the second third-party defendant Flintlock Construction Services, LLC, which was for summary judgment dismissing the complaint, and granted those branches of the cross-motion of the third-party defendant/second third-party plaintiff which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff allegedly sustained injuries during the course of his employment as a laborer tasked with clearing debris from the first floor of a building that was being demolished. The plaintiff alleges that his injuries occurred when ductwork attached to the first floor ceiling became detached on one end and fell approximately a foot and a half, causing dirt and debris particles to fall into the plaintiff's left eye. At the time of the incident, the plaintiff had removed his protective eyewear in the designated "safety zone," and he and the other workers were walking toward the exit to take a break.
The plaintiff commenced this action to recover damages for personal injuries against the defendant 451 Lexington Realty, LLC, which owned the property, and the defendant Regent [*2]Development Associates, LLC, which provided consulting services in connection with the project, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants commenced a third-party action against the third-party defendant, City Limits Group, Inc. (hereinafter City Limits), a demolition subcontractor, asserting, among other things, causes of action for common-law and contractual indemnification. City Limits commenced a second third-party action against Flintlock Construction Services, LLC (hereinafter Flintlock), the general contractor, and another party, asserting causes of action for common-law indemnification and contribution.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants and Flintlock cross-moved, inter alia, for summary judgment dismissing the complaint. City Limits cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order dated December 16, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), granted that branch of the cross-motion of the defendants and Flintlock which was for summary judgment dismissing the complaint, and granted those branches of the cross-motion of City Limits which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524). Liability is contingent upon "the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). In cases involving falling objects, the applicability of the statute does not "depend upon whether the object has hit the worker," but rather "whether the harm flows directly from the application of the force of gravity to the object" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604). However, "[t]he extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). In falling object cases, the plaintiff "must demonstrate that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking" (Fabrizi v 1095 Ave. of Ams., L.L.C., 22 NY3d 658, 662-663 [citation and internal quotation marks omitted]).
Here, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and properly granted those branches of the respective cross-motions of the defendants and Flintlock and City Limits which were for summary judgment dismissing that cause of action. The court correctly determined that the defendants and Flintlock and City Limits established, prima facie, that Labor Law § 240(1) is inapplicable to the facts of this case, and the plaintiff failed to raise a triable issue of fact in opposition (see Narducci v Manhasset Bay Assoc., 96 NY2d at 267). Accepting arguendo the plaintiff's contention that his injuries flowed directly from the application of the force of gravity upon the falling ductwork (see generally Runner v New York Stock Exch., Inc., 13 NY3d at 604; Van Eken v Consolidated Edison Co. of N.Y., 294 AD2d 352, 352-353), the court correctly determined that the ductwork, which was part of the preexisting building structure and was not being actively worked on at the time of incident, was not an object that required securing for purposes of the undertaking (see Narducci v Manhasset Bay Assoc., 96 NY2d at 268-269; Djuric v City of New York, 172 AD3d 456, 456; Marin v AP-Amsterdam 1661 Park LLC, 60 AD3d 824, 825-826). Moreover, contrary to the plaintiff's contention, the nature and purpose of the work being performed at the time of the incident did not pose a significant risk that the ductwork would fall (cf. Bornschein v Shuman, 7 AD3d 476, 478). To the extent that the partially demolished condition of the building may have created a greater general risk of objects falling, this is not the sort of risk that the extraordinary protections of Labor Law § 240(1) was designed to address (see Narducci v Manhasset Bay Assoc., 96 NY2d at 268; see also Dias v Stahl, 256 AD2d 235, 236; McGuire v Independent Cement Corp., 255 AD2d 646, 647).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657 [citations and internal quotation marks omitted]).
Here, the defendants and Flintlock and City Limits established, prima facie, that 12 NYCRR 23-1.7(a) was inapplicable to the facts of this case by submitting evidence that the area where the incident occurred was not "normally exposed to falling material or objects" within the meaning of 12 NYCRR 23-1.7(a) (see Mercado v TPT Brooklyn Assoc., LLC, 38 AD3d 732, 733; Portillo v Roby Anne Dev., LLC, 32 AD3d 421). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), and properly granted those branches of the respective cross-motions of the defendants and Flintlock and City Limits which were for summary judgment dismissing so much of that cause of action as was predicated upon a violation of 22 NYCRR 23-1.7(a). Moreover, the plaintiff fails to articulate any basis to disturb the court's determination that the plaintiff abandoned his reliance on any other provisions of the Industrial Code. Accordingly, we affirm the court's determination to grant those branches of the respective cross-motions of the defendants and Flintlock and City Limits which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) in its entirety.
"Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Chowdhury v Rodriguez, 57 AD3d 121, 127). Where, as here, the plaintiff alleges that the injuries arose from the manner in which the work is performed, "'a defendant must have the authority to exercise supervision and control over the work'" in order to be held liable under the statute (Navarra v Hannon, 197 AD3d 474, 476, quoting Torres v City of New York, 127 AD3d 1163, 1165). Evidence of mere general supervisory authority to oversee the progress of the work, to inspect the work product, or to make aesthetic decisions is insufficient to impose liability under Labor Law § 200 (see Ortega v Puccia, 57 AD3d 54). Here, the defendants and Flintlock established, prima facie, that the defendants did not exercise any supervision or control over the method or manner in which the plaintiff's work was performed (see Southerton v City of New York, 203 AD3d 977, 980; Ortega v Puccia, 57 AD3d at 62-63). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the cross-motion of the defendants and Flintlock which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court