█ Mykhaylo Korostynskyy, Appellant, v 416 Kings Highway, LLC, et al., Defendants, and Leonid Goldin, Respondent. [24 NYS3d 747]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated March 15, 2014, as granted that branch of the cross motion of the defendant Leonid Goldin which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Leonid Goldin which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

While renovating an office in a building owned by the defendant Leonid Goldin (hereinafter the defendant), the plaintiff allegedly was injured when a worker and construction materials fell from scaffolding on a neighboring construction site, through a skylight in the defendant's roof, and onto him. The plaintiff commenced this action against the defendant and, among others, the owners of the adjacent construction site, alleging violations of Labor Law §§ 200, 240 and 241, and common-law negligence. Following certain discovery, the

plaintiff moved pursuant to CPLR 3124 and 3126 (1), inter alia, to strike the defendants' answers or preclude them from offering evidence based on their alleged failure to appear for depositions and/or produce a witness with knowledge of the relevant facts. The defendant opposed the plaintiff's motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him. Without resolving the plaintiff's motion to strike, the Supreme Court granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff appeals, and we reverse.

The Supreme Court erred in granting those branches of the defendant's cross motion which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against him. Liability on common-law negligence and Labor Law § 200 causes of action "generally falls into two broad categories: instances involving the manner in which the work is performed, and instances in which workers are injured as a result of dangerous or defective premises conditions at a work site" (*Abelleira v City of New York*, 120 AD3d 1163, 1164 [2014]). Where, as alleged here, the plaintiff's accident arose from an allegedly dangerous premises condition, a property owner may be held liable in common-law negligence and under Labor Law § 200 when the owner has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it (*see id.* at 1164). Thus, where a plaintiff's injury arose from a dangerous condition at a work site, a property owner moving for summary judgment dismissing a cause of action alleging common-law negligence has "the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence" (*Ventimiglia v Thatch, Ripley & Co., LLC*, 96 AD3d 1043, 1046 [2012]; *see Nicoletti v Iracane*, 122 AD3d 811, 812 [2014]). Here, the defendant failed to establish, prima facie, that he did not create or have actual or constructive notice of the allegedly dangerous condition. Despite the defendant's arguments to the contrary, as the plaintiff's employer and the owner of the construction site, he owed the plaintiff a duty to maintain a safe work environment (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Ortega v Puccia*, 57 AD3d 54, 60 [2008]). Further, the defendant failed to demonstrate the absence of any triable issues of fact as to whether he had actual or constructive notice of the dangerous condition created by the codefendants' scaffolding over his skylight (*see Kuffour v*

*Whitestone Constr. Corp.*, 94 AD3d 706, 708 [2012]; *Reilly-Geiger v Dougherty*, 85 AD3d 1000, 1001 [2011]). Based on the defendant's own deposition testimony, unresolved questions regarding the scaffolding exist, including its location in relation to the defendant's building and whether the defendant personally observed construction materials, such as bricks, being stacked and left unsecured above the skylight.

Moreover, the Supreme Court erred in directing the dismissal of the Labor Law §§ 240 (1) and 241 (6) causes of action because, while the defendant generally sought dismissal of the plaintiff's complaint insofar as asserted against him, he did not demonstrate the absence of any triable issues of fact in connection with these causes of action (*see Ginter v Flushing Terrace, LLC*, 121 AD3d 840, 843 [2014]; *Desena v North Shore Hebrew Academy*, 119 AD3d 631, 634 [2014]).

Since the defendant failed to meet his prima facie burden, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Cunha v Crossroads II*, 131 AD3d 440, 442 [2015]; *Doto v Astoria Energy II, LLC*, 129 AD3d 660, 664 [2015]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.