■ BOGDAN CHORZEPA, Appellant, v ALICIA BRZYSKA, as Trustee of KAYLA TRUST, Respondent. [39 NYS3d 518]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), dated June 6, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied, as academic, his cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6).

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying, as academic, the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), and substituting therefor a provision denying the cross motion on the merits; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff, a carpenter, allegedly was injured when he fell into an uncovered drainage pit in the floor of a vacant house undergoing renovation. The house was owned by the Kayla Trust (hereinafter the Trust), for which Alicia Brzyska is the sole trustee. The plaintiff commenced this action against Brzyska in her individual capacity and as trustee, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6). After discovery was completed, the defendant moved for summary judgment dismissing the complaint. As to the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), she argued that she was entitled to the protection of the homeowner's exemption. As to the causes of action alleging a violation of Labor Law § 200 and common-law negligence, the defendant argued that she had neither actual nor constructive notice that the drainage pit was not covered. The plaintiff opposed the defendant's motion and cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6). The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion as academic. The plaintiff appeals.

On her motion for summary judgment dismissing the complaint, the defendant had the burden of demonstrating, prima facie, the absence of triable issues of fact (*see Kosinski v Brendan Moran Custom Carpentry, Inc.*, 138 AD3d 935, 937 [2016]; *Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d 970, 971 [2013]). The evidence submitted by the defendant, however, demonstrated the existence of triable issues of fact on every cause of action asserted in the complaint. As to

the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6), the defendant's evidence demonstrated that there were triable issues of fact as to whether the work was being performed for "residential purposes" within the meaning of the homeowner's exemption (*see Batzin v Ferrone*, 140 AD3d 1102, 1103-1104 [2016]; *see generally Van Amerogen v Donnini*, 78 NY2d 880, 882 [1991]; *cf. Parise v Green Chimneys Children's Servs., Inc.*, 106 AD3d at 971). As to the causes of action alleging common-law negligence and a violation of Labor Law § 200, the evidence submitted by the defendant demonstrated the existence of triable issues of fact with respect to the issue of how long the dangerous condition existed, and thus, whether the defendant had constructive notice of the defect (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 149 [2010]). In light of the defendant's failure to meet her initial burden, her motion should have been denied without regard to the sufficiency of the evidence submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) should have been denied on the merits inasmuch as there are triable issues of fact as to the applicability of the homeowner's exemption (*see Pavon v Koral*, 113 AD3d 830, 831 [2014]; *Westgate v Broderick*, 107 AD3d 1389, 1391 [2013]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240 (1) and 241 (6) on the merits. Eng, P.J., Balkin, Hall and Barros, JJ., concur.