(August 16, 2017)

GERSON BERMAN-REY, Appellant, v SIGIFREDO GOMEZ et al., Respondents. [59 NYS3d 789]—

Appeal from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered June 18, 2015. The order, insofar as appealed from, granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a viola-

tion of Labor Law § 200, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured when a portion of a plywood fence surrounding a construction site fell over and hit him on the head. At the time of the accident, the plaintiff was employed as an assistant carpenter on a project to renovate and enlarge a residence owned by the defendants Sigifredo Gomez and Liliana Gomez. Sigifredo Gomez was the principal of a welding and ironworks contracting company, and the plywood fence surrounding the construction site was erected by employees of his company. Although no work was being performed on the date of the plaintiff's accident, the plaintiff alleges that he and his employer were at the construction site that day to retrieve tools. Following the accident, the plaintiff commenced this action against the defendants alleging common-law negligence and violations of Labor Law §§ 200, 240 (1), and 241 (6). As relevant to this appeal, the defendants cross-moved for summary judgment dismissing the complaint, and the Supreme Court granted their cross motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240 (1).

Labor Law § 200 is a codification of the common-law duty placed upon owners and contractors to provide employees with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Chowdhury v Rodriguez, 57 AD3d 121, 127-128 [2008]). Where, as here, a plaintiff alleges that he was injured at a work site as a result of a dangerous premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition (see Wadlowski v Cohen, 150 AD3d 930, 931 [2017]; Chowdhury v Rodriguez, 57 AD3d at 130). Here, the defendants failed to make a prima facie showing that they neither created the alleged dangerous premises condition nor had actual or constructive notice of its existence. The defendants' evidentiary submissions, which included the conflicting deposition testimony of the plaintiff and Sigifredo Gomez, failed to eliminate triable issues of fact as to whether the defendants created the alleged dangerous condition, or had actual or

constructive notice of its existence (*see Chorzepa v Brzyska*, 143 AD3d 935 [2016]; *Korostynskyy v 416 Kings Hwy., LLC*, 136 AD3d 758, 759 [2016]; *Doto v Astoria Energy II, LLC*, 129 AD3d 660, 663-664 [2015]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). To prevail on a cause of action pursuant to section 240 (1) in a " 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein' " (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662 [2014], quoting *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 662-663; *Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). Labor Law § 240 (1) "does not automatically apply simply because an object fell and injured a worker" (*Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 663). In support of their cross motion, the defendants made a prima facie showing of their entitlement to summary judgment dismissing the Labor Law § 240 (1) cause of action by demonstrating that the plywood fence was not an object being hoisted or that required securing for the purpose of the undertaking, and that it did not fall because of the absence or inadequacy of an enumerated safety device (*see Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d at 663; *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Seales v Trident Structural Corp.*, 142 AD3d 1153, 1156 [2016]; *Vatavuk v Genting N.Y., LLC*, 142 AD3d 989, 990 [2016]). In opposition, the plaintiff failed to raise a triable issue of fact. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.