Gurewitz v City of New York (2019 NY Slip Op 06384)





Gurewitz v City of New York


2019 NY Slip Op 06384


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-01350
 (Index No. 103198/12)

[*1]Jennifer Gurewitz, et al., plaintiffs-respondents,
v
City of New York, et al., defendants third-party plaintiffs-respondents-appellants, HAKS Group, Inc., defendant-appellant-respondent; NASDI, LLC, third-party defendant-appellant-respondent.


Tromello, Fishman & Veloce, New York, NY (Reed M. Podell of counsel), for defendant-appellant-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-appellant-respondent.
Wood Smith Henning & Berman LLP, New York, NY (Nancy Quinn Koba of counsel), for defendants third-party plaintiffs-respondents-appellants City of New York and New York City Department of Transportation.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White of counsel), for defendant third-party plaintiff-respondent-appellant Conti of New York, LLC.
Fortunato & Fortunato, PLLC, Brooklyn, NY (Annamarie Fortunato and Louis A. Badolato of counsel), for plaintiffs-respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the defendant HAKS Group, Inc., and the third-party defendant separately appeal, and the defendants third-party plaintiffs City of New York and New York City Department of Transportation and the defendant third-party plaintiff Conti of New York, LLC, separately cross-appeal, from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated September 7, 2016. The order, insofar as appealed from by the defendant HAKS Group, Inc., denied those branches of its motion which were for summary judgment dismissing all cross claims asserted against it and for summary judgment on its cross claims against the defendant third-party plaintiff Conti of New York, LLC, for common-law and contractual indemnification, and granted the plaintiffs' cross motion for leave to amend the complaints and the caption to add HAKS Engineers, Architects and Land Surveyors, P.C., as a defendant. The order, insofar as appealed from by the third-party defendant, denied its motion for summary judgment dismissing the third-party complaint. The order, insofar as cross-appealed from by the defendants third-party plaintiffs City of New York and New York City Department of Transportation, (1) granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against them and on [*2]the issue of liability on so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against them, and (2) denied those branches of their cross motion, made jointly with the defendant third-party plaintiff Conti of New York, LLC, which were (a) for summary judgment dismissing the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against them, so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against them, and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, and (b) for summary judgment on their cross claims against the defendant HAKS Group, Inc., for common-law and contractual indemnification and on their third-party cause of action for contractual indemnification. The order, insofar as cross-appealed from by the defendant third-party plaintiff Conti of New York, LLC, (1) granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against it and on the issue of liability on so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against it, and (2) denied those branches of its cross motion, made jointly with the defendants third-party plaintiffs City of New York and New York City Department of Transportation, which were for summary judgment dismissing the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against it and so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against it.
ORDERED that the appeal by the defendant HAKS Group, Inc., from so much of the order as granted the plaintiffs' cross motion for leave to amend the complaints and the caption to add HAKS Engineers, Architects and Land Surveyors, P.C., as a defendant is dismissed, as the defendant HAKS Group, Inc., is not aggrieved by that portion of the order (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant HAKS Group, Inc., which was for summary judgment dismissing all cross claims asserted against it, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying the third-party defendant's motion for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that motion, (3) by deleting the provision thereof granting those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants third-party plaintiffs and on the issue of liability on so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against the defendants third-party plaintiffs, and substituting therefor a provision denying those branches of the motion, and (4) by deleting the provision thereof denying those branches of the defendants third-party plaintiffs' cross motion which were for summary judgment dismissing the causes of action of the plaintiffs Jennifer Gurewitz and Frank Marciante alleging a violation of Labor Law § 240(1) insofar as asserted against them and so much of the cause of action of the plaintiff Jennifer Gurewitz alleging a violation of Labor Law § 241(6) as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against them, and substituting therefor a provision granting those branches of the cross motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant HAKS Group, Inc., payable by the defendants third-party plaintiffs, and one bill of costs is awarded to the third-party defendant, payable by the defendants third-party plaintiffs.
On January 18, 2012, the plaintiffs Jennifer Gurewitz, Frank Marciante, and Anthony Licata (hereinafter collectively the injured plaintiffs), employees of the third-party defendant, [*3]NASDI, LLC (hereinafter NASDI), allegedly were injured while performing construction work at the St. George Ferry Terminal in Staten Island. The injured plaintiffs were walking along the perimeter of the construction site when a temporary chain-link fence, which had been installed by the defendant third-party plaintiff Conti of New York, LLC (hereinafter Conti), to protect the public from the construction site, was blown over by the wind and struck them.
At the time of the accident, the defendant third-party plaintiff City of New York was rehabilitating the bus ramps at the ferry terminal. The City had retained Conti as the general contractor and project manager for the project, and Conti, in turn, had hired NASDI as a subcontractor to demolish and remove the existing concrete bus ramps. The City had also hired HAKS Engineers and Land Surveyors, P.C. (hereinafter HAKS Engineers), to perform resident engineering inspection services at the site.
Gurewitz, Marciante, and Licata and his wife suing derivatively, each commenced an action against the City, the defendant third-party plaintiff New York City Department of Transportation (hereinafter together the City defendants), Conti, and the defendant HAKS Group, Inc. (hereinafter HAKS Group), to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The actions were subsequently consolidated. The City defendants and Conti then commenced a third-party action against NASDI.
In an order dated September 7, 2016, the Supreme Court determined the parties' various motions and cross motions for summary judgment. Among other things, the court (1) denied those branches of HAKS Group's motion which were for summary judgment dismissing all cross claims asserted against it and for summary judgment on its cross claims against Conti for common-law and contractual indemnification; (2) denied NASDI's motion for summary judgment dismissing the third-party complaint; (3) granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the Labor Law § 240(1) causes of action of Gurewitz and Marciante insofar as asserted against the City defendants and Conti and on the issue of liability on so much of Gurewitz's Labor Law § 241(6) cause of action as was premised upon alleged violations of two Industrial Code provisions insofar as asserted against the City defendants and Conti; and (4) denied those branches of the cross motion of the City defendants and Conti which were (a) for summary judgment dismissing the Labor Law § 240(1) causes of action of Gurewitz and Marciante insofar as asserted against them, so much of Gurewitz's Labor Law § 241(6) cause of action as was premised upon alleged violations of two Industrial Code provisions insofar as asserted against them, and the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the City defendants, and (b) for summary judgment on the City defendants' cross claims against HAKS Group for common-law and contractual indemnification and on the City defendants' third-party cause of action for contractual indemnification. HAKS Group and NASDI separately appeal, and the City defendants and Conti separately cross-appeal.
The Supreme Court should have granted that branch of HAKS Group's motion which was for summary judgment dismissing all cross claims asserted against it. HAKS Group established its prima facie entitlement to judgment as a matter of law by demonstrating that it was not a party to the contract between HAKS Engineers and the City, and otherwise had no involvement with the subject construction project. In opposition, the City defendants and Conti failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562).
The Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) causes of action of Gurewitz and Marciante insofar as asserted against the City defendants and Conti, and should have granted that branch of the cross motion of the City defendants and Conti which was for summary judgment dismissing those causes of action insofar as asserted against them. To prevail on a cause of action alleging a violation of Labor Law § 240(1) in a " falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). This requires a showing that at the time the object fell, it either was being hoisted or secured, or [*4]required securing for the purposes of the undertaking (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 662-663; Outar v City of New York, 5 NY3d 731, 732; Narducci v Manhasset Bay Assoc., 96 NY2d at 268). Labor Law § 240(1) "does not automatically apply simply because an object fell and injured a worker" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663). Here, Gurewitz and Marciante failed to make a prima facie showing of their entitlement to judgment as a matter of law on the issue of liability on their Labor Law § 240(1) causes of action insofar as asserted against the City defendants and Conti, and the City defendants and Conti made a prima facie showing of their entitlement to judgment as a matter of law dismissing those causes of action insofar as asserted against them by demonstrating that the chain-link fence was not an object being hoisted or an object that required securing for the purposes of the undertaking, and that the fence did not fall because of the absence or inadequacy of an enumerated safety device (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 663; Narducci v Manhasset Bay Assoc., 96 NY2d at 268; Berman-Rey v Gomez, 153 AD3d 653, 655; Seales v Trident Structural Corp., 142 AD3d 1153, 1156; Vatavuk v Genting N.Y., LLC, 142 AD3d 989, 990). In opposition to this prima facie showing, Gurewitz and Marciante failed to raise a triable issue of fact.
The relevant Industrial Code provisions upon which Gurewitz premises her Labor Law § 241(6) cause of action are Industrial Code (12 NYCRR) § 23-1.7(b)(1), which requires that "hazardous opening[s] into which a person may step or fall" must "be guarded by a substantial cover . . . or by a safety railing," and Industrial Code (12 NYCRR) § 23-4.2(h), which requires that "[a]ny open excavation adjacent to a . . . street . . . or other area lawfully frequented by any person shall be effectively guarded." The City defendants and Conti established their prima facie entitlement to judgment as a matter of law dismissing so much of Gurewitz's Labor Law § 241(6) cause of action as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) by demonstrating that a protective railing was installed, which prevented Gurewitz from falling into an opening, and, in any event, any violation of those regulations was not a proximate cause of Gurewitz's injuries, as Gurewitz did not fall into a hazardous opening or open excavation (cf. Gjeka v Iron Horse Transp., Inc., 151 AD3d 463, 465). In opposition, Gurewitz failed to raise a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on so much of Gurewitz's Labor Law § 241(6) cause of action as was premised upon alleged violations of 12 NYCRR 23-1.7(b)(1) and 23-4.2(h) insofar as asserted against the City defendants and Conti, and should have granted that branch of the cross motion of the City defendants and Conti which was for summary judgment dismissing that portion of Gurewitz's Labor Law § 241(6) cause of action insofar as asserted against them.
Labor Law § 200 is a codification of the common-law duty placed upon owners and contractors to provide employees with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Chowdhury v Rodriguez, 57 AD3d 121, 127-128). Where, as here, a plaintiff alleges that he or she was injured at a work site as a result of a dangerous premises condition, a property owner's liability under Labor Law § 200 and for common-law negligence rests upon whether the property owner created the condition, or had actual or constructive notice of it and a reasonable amount of time within which to correct the condition (see Wadlowski v Cohen, 150 AD3d 930, 931; Chowdhury v Rodriguez, 57 AD3d at 130). Here, the City defendants' evidentiary submissions failed to eliminate triable issues of fact as to whether they created the alleged dangerous condition or had actual or constructive notice of its existence (see Berman-Rey v Gomez, 153 AD3d at 654-655; Chorzepa v Brzyska, 143 AD3d 935; Korostynskyy v 416 Kings Hwy., LLC, 136 AD3d 758, 759; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663-664). Since the City defendants failed to make a prima facie showing that they neither created the alleged dangerous condition nor had actual or constructive notice of its existence, we agree with the Supreme Court's determination to deny that branch of their cross motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the Supreme Court's determination, NASDI established its prima facie entitlement to judgment as a matter of law dismissing the third-party causes of action for contractual indemnification. A party's right to contractual indemnification depends upon the specific language [*5]of the relevant contract (see Desena v North Shore Hebrew Academy, 119 AD3d 631, 636; Sawicki v GameStop Corp., 106 AD3d 979, 981; Alfaro v 65 W. 13th Acquisition, LLC, 74 AD3d 1255). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492). The subcontract between NASDI and Conti provided that NASDI was required to indemnify Conti and the City defendants from all injuries "caused by, resulting from, arising out of, or occurring due to [NASDI's] negligence" in connection with its work or work area. NASDI established, prima facie, that the injured plaintiffs' injuries did not arise from its own negligence in connection with its work or the work area. In opposition, the City defendants and Conti failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of NASDI's motion which was for summary judgment dismissing the third-party contractual indemnification causes of action. Moreover, inasmuch as the court granted dismissal of the allegations of grave injury, it should have also granted that branch of NASDI's motion which was for summary judgment dismissing the third-party causes of action for common-law indemnification and contribution (see Workers' Compensation Law § 11; Benedetto v Carrera Realty Corp., 32 AD3d 874, 876).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court