| **Brito v City of New York** |
|:---:|
| 2024 NY Slip Op 31689(U) |
| May 15, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 150436/2017 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**                    PART                 **11M**

*Justice*

--------------------------------------------------------------------------X

STALIN BRITO,

                     Plaintiff,

         - v -

THE CITY OF NEW YORK, NEW YORK CITY HOUSING AUTHORITY,

                  Defendant.

--------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150436/2017 |
| MOTION DATE | 10/02/2023, 10/02/2023, 10/02/2023, 10/02/2023, 10/02/2023 |
| MOTION SEQ. NO. | 003 004 005 006 007 |

**DECISION + ORDER ON MOTION**

NEW YORK CITY HOUSING AUTHORITY

                     Plaintiff,

         -against-

JACOBS PROJECT MANAGEMENT CO.

                  Defendant.

--------------------------------------------------------------------------X

Third-Party
Index No. 596173/2019

NEW YORK CITY HOUSING AUTHORITY

                     Plaintiff,

         -against-

UNIVERSAL CONSTRUCTION RESOURCES, INC.

                  Defendant.

--------------------------------------------------------------------------X

Second Third-Party
Index No. 595759/2020

NEW YORK CITY HOUSING AUTHORITY

                     Plaintiff,

         -against-

WARREN PANZER ENGINEERS, PC

                  Defendant.

--------------------------------------------------------------------------X

Third Third-Party
Index No. 595244/2023

150436/2017   BRITO, STALIN vs. CITY OF NEW YORK
Motion No.  003 004 005 006 007

Page 1 of 8

[* 1]

The following e-filed documents, listed by NYSCEF document number (Motion 003) 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 257, 262, 275, 276, 277, 278, 279, 280, 281, 310, 311, 312, 324, 330, 331, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354

were read on this motion to/for          JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 258, 263, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 325, 326, 334, 335, 336, 337, 338, 339, 340, 341

were read on this motion to/for          JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 259, 264, 267, 268, 269, 270, 271, 272, 282, 283, 284, 285, 286, 287, 288, 327, 342

were read on this motion to/for          JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 260, 265, 273, 274, 289, 290, 291, 292, 293, 294, 295, 296, 297, 332, 333, 357, 358

were read on this motion to/for          JUDGMENT - SUMMARY     .

The following e-filed documents, listed by NYSCEF document number (Motion 007) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 261, 266, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 328, 329, 355, 356

were read on this motion to/for      SUMMARY JUDGMENT(AFTER JOINDER     .

**Factual Background**

In November 2015, Plaintiff was employed by Universal Construction Resources, Inc. ("Universal") an asbestos abatement company when Plaintiff. Universal was hired by the New York City Housing Authority ("NYCHA") to do asbestos abatement work at NYCHA's Mariners Harbor Houses in Staten Island, New York (the "Site"). On November 23, 2015, Plaintiff was injured while working on the roof at the Project when a fence panel blew over and struck him (the "Accident").[1]

---

[1] The Court would like to thank Jason Lowe, Esq. for his assistance in this matter.

**150436/2017 BRITO, STALIN vs. CITY OF NEW YORK**
**Motion No. 003 004 005 006 007**

**Page 2 of 8**

2 of 8

Prior to the Accident, the fence at issue had previously served as a security fence to keep the public from accessing the roof during asbestos abatement work.

**Procedural Background**

Plaintiff brought this personal injury action naming NYCHA and the City of New York. NYCHA then brought third party claims against Jacobs Project Management Co. ("Jacobs"), Universal Construction Resources, Inc. ("Universal"), and Warren Panzer Engineers, P.C. ("Warren Panzer") seeking indemnification and contribution.

Universal was hired to do asbestos abatement at the Site. Jacobs was retained by NYCHA to provide construction management services at the Site. Warren Panzer was retained by Jacobs to provide hazmat consulting and air monitoring services during the asbestos abatement.

Jacobs asserts crossclaims against Warren Panzer sounding in, *inter alia*, contribution, common law indemnification, and contractual indemnification.

Universal asserts crossclaims against Warren Panzer and Jacobs sounding in contribution and common law indemnification.

Warren Panzer asserts crossclaims against Jacobs and Universal and counterclaim against NYCHA sounding in common law indemnification and contribution.

Before the Court are the following motions:

NYCHA's motion for summary judgment seeking dismissal of Plaintiff's Labor Law §§ 240(1), 241(6), 200 and common law negligence claims; seeking dismissal of Jacobs' contractual indemnification claim; seeking summary judgment on its claim against Jacobs for common law indemnification; and seeking dismissal of Universal and Warren Panzer's counterclaims asserted against NYCHA (motion sequence number 3).

150436/2017   BRITO, STALIN vs. CITY OF NEW YORK
Motion No. 003 004 005 006 007

Page 3 of 8

[* 3]

Jacobs' motion seeking summary judgment on its claims for contractual indemnity against Universal and Warren Panzer (motion sequence number 4).

Plaintiff's motion seeking summary judgment on its Labor Law § 240(1) claim (motion sequence number 5).

Universal's motion for summary judgment seeking dismissal of NYCHA's third-party complaint against Universal; dismissal of Jacobs and Warren Panzer's crossclaims asserted against Universal; and dismissal of the Plaintiff's complaint (motion sequence number 6).

Warren Panzer's motion for summary judgment seeking dismissal of NYCHA's third-party complaint against Warren Panzer and dismissal of Jacobs and Warren Panzer's crossclaims against Warren Panzer (motion sequence number 7).

## Analysis

### Summary Judgment Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." *Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]. As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. *Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851, 476 N.E.2d 642, 487 N.Y.S.2d 316 [1985]. Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

### Labor Law § 240(1) Claim

150436/2017   BRITO, STALIN vs. CITY OF NEW YORK
Page 4 of 8
Motion No.  003 004 005 006 007

4 of 8

Plaintiff asserts a claim pursuant to Labor Law § 240(1) against NYCHA. Plaintiff seeks summary judgment in its favor on the Labor Law § 240(1) claim and NYCHA seeks summary judgment dismissing the same claim.

"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (*Cruz v 451 Lexington Realty, LLC*, 218 AD3d 733 [2d Dept 2023], quoting *Zoto v 259 W. 10th, LLC*, 189 AD3d 1523, 1524 [2d Dept 2020]). Not every object that falls on a worker constitutes a violation of Labor Law § 240(1) (*Fabrizi v. 1095 Ave. of the Americas, LLC*, 22 N.Y.3d 658 (2014). Rather "[l]iability is contingent upon 'the existence of a hazard contemplated in [Labor Law] section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (*Cruz v 451 Lexington Realty, LLC*, 218 AD3d at 733, *quoting Narducci v Manhasset Bay Assoc*, 96 N.Y.2d 259, 267 [2001]). "In cases involving falling objects, the applicability of the statute does not 'depend upon whether the object has hit the worker,' but rather 'whether the harm flows directly from the application of the force of gravity to the object' (*Id. quoting Runner v. New York Stock Exch., Inc.*, 13 N.Y.3d 599, 604, 895 N.Y.S.2d 279, 922 N.E.2d 865 [2009]).

In order to prevail on summary judgment in a Labor Law § 240 (1) falling object case, the injured worker must demonstrate the existence of a hazard contemplated under that statute and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein (*Maisuradze v Nows The Time, Inc.*, 219 AD3d 722, 724 [2d Dept 2023], *citing Fabrizi v 1095 Ave. of the Ams., L.L.C.*, 22 NY3d 658, 662 [2014], *quoting Narducci*, 96 NY2d at 267). This requires a showing that at the time the object fell, it either was being hoisted or secured, or required securing for the purposes of the undertaking (*Berman-Rey v Gomez*, 153 AD3d 653, 655 [2d Dept 2017]).

150436/2017    BRITO, STALIN vs. CITY OF NEW YORK
Motion No.  003 004 005 006 007

Page 5 of 8

5 of 8

In this case, the parties agree that the fence was not being hoisted or secured. However, Plaintiff argues that the fence, which had previously been used as a security device, required securing for the purposes of the undertaking. The Court disagrees. The job being done was asbestos abatement. The fence did not require securing for the purposes of the undertaking because, even when in use, it was to protect the public from the site. Fences used to protect the public from a site have not been found to require securing for the purposes of the undertaking pursuant to §240(1) (*Gurewitz v. City of New York*, 175 A.D.3d 658 [2d Dept. 2019][chain-link fence, which had been installed to protect the public from the construction site "was not an object being hoisted or an object that required securing for the purposes of the undertaking"]; *Berman-Rey v. Gomez*, 153 A.D.3d 653 [2d Dept. 2017][plywood fence surrounding construction site was not an object being hoisted or that required securing for the purpose of the undertaking]). Thus, Plaintiff's Labor Law § 240 (1) is dismissed.

**Labor Law § 200 Claim**

Plaintiff asserts a claim pursuant to Labor Law § 200 against NYCHA and for common law negligence. NYCHA seeks summary judgment dismissing the Labor Law § 200 and common law negligence claims.

Labor Law § 200 codifies the common law duty of an owner to provide construction workers with a safe place to work (*Comes v New York State Elec. and Gas Corp.*, 82 NY2d 876, 877 [1993]). "Claims for personal injury under the statute and the common law fall into two broad categories: those arising from an alleged defect or dangerous condition existing on the premises and those arising from the manner in which the work was performed. Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it" (*Cappahianca v*

150436/2017  BRITO, STALIN vs. CITY OF NEW YORK
Motion No.  003 004 005 006 007

Page 6 of 8

6 of 8

*Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012][internal citation omitted]). Contrastingly, in cases where the injury was "caused by the manner and means of the work, including the equipment used," it is well established that "the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Id.*)

NYCHA argues that the injury was caused by the manner and means as to how the asbestos abatement work was being performed. "[W]here a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law 200 is one for means and methods and not one for a dangerous condition existing on the premises." (*Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 406 [1st Dept 2018]). The defect here, the alleged failure to secure a fence, is not a condition that is inherent to the property but, rather, is created by the manner in which the work was performed.

NYCHA cites admissible evidence that it did not have actual supervisory control over the manner of the work which resulted in the injury. For instance, the plaintiff testified that he only received instructions from his supervisor from Universal and that he did not speak to anyone from NYCHA. This is *prima facie* evidence that NYCHA did not have any supervisory control of the injury-producing work.

In opposition, plaintiff fails to raise an issue of material fact. Further, the issues raised by other parties, that NYCHA had the authority to stop work at the project if the job was not being performed properly and that NYCHA checked in with contractors, is insufficient for NYCHA to have liability pursuant to Labor Law § 200. (*Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1st Dept 2005][fact that party "conducted regular walk-throughs and, if he observed an unsafe condition, had the authority to find whoever was responsible for the condition and have them correct it or, if necessary, stop the work; that he discussed covering the subject hole in the roof

150436/2017   BRITO, STALIN vs. CITY OF NEW YORK
Motion No.  003 004 005 006 007

Page 7 of 8

7 of 8

with Nastasi's representative; and that he had inspected the plywood in question after it had been nailed down over the hole, simply indicates Bovis's general supervision and coordination of the worksite and is insufficient to trigger liability"]).

Therefore, there is no issue of fact regarding the Labor Law § 200 claim and the claim is dismissed with respect to NYCHA.

**Labor Law § 241(6)**

NYCHA moves to dismiss Plaintiff's claim predicated on Labor Law § 241(6). The Plaintiff concedes that it does not have a claim pursuant to Labor Law § 241(6) and therefore that claim is dismissed.

As this matter is being dismissed, the Court does not reach the other motions. It is therefore

ORDERED that the instant matter is dismissed, and the Clerk of the Court is directed to enter judgment accordingly.

20240515144030LFRANK1F3BF5E33DFF473B9F04A076DD1DC3F9

__5/15/2024__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150436/2017   BRITO, STALIN vs. CITY OF NEW YORK**
**Motion No.  003 004 005 006 007**

Page 8 of 8

8 of 8

[* 8]